UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                             :

UNITED STATES OF AMERICA,            :

                             :

     -v-                         :

                             :

PEDRO ROSARIO CARRASQUILLO,   :

                    Defendant.    :

                             :

------------------------------------------------------------------X

21-cr-173 (LJL)

MEMORANDUM AND
ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/19/2024

LEWIS J. LIMAN, United States District Judge:

Defendant Pedro Rosario Carrasquillo moves, pursuant to 18 U.S.C. § 3582(c)(2), for an order granting him compassionate release. Dkt. Nos. 132, 137.[1] The motions are denied.

On January 13, 2022, Mr. Carrasquillo pled guilty before me to the lesser included offense contained within Count One of the Indictment, charging him with conspiracy to distribute and possess with intent to distribute 50 grams and more of mixtures and substances containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Dkt. No. 77 at 16, Dkt. No. 84 at 12, 26–27. On June 29, 2022, I sentenced Mr. Carrasquillo to a term of 96 months of imprisonment in the custody of the Bureau of Prisons, to be followed by a period of four years of supervised release. Dkt. No. 121 at 26. The sentence represented a variance from the range set forth by the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") of 168 to 210 months' imprisonment. *Id.* at 19. That Guidelines range was based on a calculation of a total offense level of 35 and a criminal history score of 1 and criminal history category of I. *See* Dkt. No. 95 (Presentence Report) at ECF p. 8,

---

[1] Docket numbers 132 and 137 contain nearly identical letters, dated by Mr. Carrasquillo on the same date, though they have different attachments.

9, 16.

Mr. Carrasquillo's motion is well-written and moving.  He expresses sincere regret for his offense conduct, including the effect the conduct had on his community, his friends, and his family.  Dkt. No. 132 ¶ IV; Dkt. No. 137 ¶ IV.  He acknowledges that his conduct was "selfish, cowardly, and damaging to the community."  Dkt. No. 132 ¶ IV; Dkt. No. 137 ¶ IV.  He also writes of his "moral obligation" to prove to his family and his community that he will right his wrongs and be a "renewed support system."  Dkt. No. 132 ¶ IV; Dkt. No. 137 ¶ IV.  He has participated in all the programming made available to inmates at the facility where he is detained, has not had any incident reports, and has the best scores for rehabilitation that can be achieved by an individual of his age in the federal prison system.  Dkt. No. 132 ¶ IV; Dkt. No. 137 ¶ IV.  Mr. Carrasquillo invokes Parts A and B of Amendment 821 to the Guidelines and asserts that he is a zero-point offender.  Dkt. No. 132, ECF pp. 2–4; Dkt No. 137 ECF pp. 2–4.

Section 3582(c)(2) authorizes the Court, on motion or on its own motion, to reduce the term of imprisonment of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . . after considering the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); *see United States v. Zapatero*, 961 F.3d 123, 127 (2d Cir. 2020).  Section 1B1.10 of the Guidelines contains the applicable policy statement: "The statute . . . establishes a two-step inquiry.  A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."  U.S.S.G. § 1B.10; *see Dillon v. United States*, 560 U.S. 817, 826 (2010).  A court

generally may not reduce the defendant's term of imprisonment to a term less than the minimum of the amended Guidelines range.  *Id.* at 827; *see* U.S.S.G. § 1B1.10(b)(2)(B) (except in cases involving substantial assistance, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection").

As relevant here, Amendment 821 to the Guidelines permits the Court to resentence defendants who received criminal history points for having committed the offense of conviction while under a criminal justice sentence or who were scored in Criminal History Category I despite having no criminal history points.  *See* U.S. Sentencing Guidelines Manual § 4A1.1, 4C1.1 (U.S. Sentencing Comm'n 2023).  Part A of Amendment 821 is addressed to defendants who received "status points" under the Guidelines for having committed the offense of conviction while under a criminal justice sentence.  *Id.*  Part B of Amendment 821 is addressed to zero-point offenders.  *Id.*  It addresses the offense level for a defendant who does not have any criminal history points and who meets other specified criteria.  Such a defendant is entitled to a two-level reduction of his offense level.  *Id.; see also Kaziu v. United States*, ---F.4th---, 2024 WL 3418238, at *10 (2d Cir. July 16, 2024).  Both parts of Amendment 821 apply retroactively. *See United States v. Hertular*, 2024 WL 3429461, at *2 (S.D.N.Y. July 16, 2024); *United States v. Budovsky*, 2024 WL 1676337, at *2 (S.D.N.Y. April 18, 2024).

Mr. Carrasquillo is not entitled to a sentence reduction under Section 3582(c)(2) and Amendment 821.  He is not covered by Part A of Amendment 821 because he did not receive criminal history points for having committed an offense while under a criminal justice sentence. Dkt. No. 140 (Supplemental Presentence Report).  He is not covered by Part B because he is not

3

a zero-point offender.  Mr. Carrasquillo had one criminal history point based on the sentence that he received on March 30, 2017 to three days' imprisonment and one year of probation on charges of improper exhibition of a firearm or dangerous weapon.  Dkt. No. 95 (Presentence Report) at 8; *see* Dkt. No. 140 (Supplemental Presentence Report).  Even if Mr. Carrasquillo had no criminal history points, he also could not benefit from Amendment 821.  Under Section 3582(c)(2) and Amendment 821, the Court could not resentence Mr. Carrasquillo to a sentence less than the minimum of the amended Guideline range that would have been applicable if he had zero criminal history points, *i.e.*, if he had a two-level reduction in his offense level.  A two-level reduction, however, would have placed Mr. Carrasquillo at offense level 33 and yielded, an amended Guideline range of 135 to 168 months.  The Court sentenced Mr. Carrasquillo far below that range.  Thus, Mr. Carrasquillo is not entitled to relief under Amendment 821.

The Court also construes Mr. Carrasquillo's motion as one for compassionate relief under Section 3582(c)(1)(A)(i) of Title 18 of the United States Code.  That law provides that a district court:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of [a defendant's] imprisonment ... if it finds that ... extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i).

Portions of Mr. Carrasquillo's motion refer to compassionate release or invoke the language of Section 3582(c)(1)(A)(i).  *See* Dkt. No. 132 at ECF pp. 1, 4; Dkt. No. 137 at ECF pp. 1, 4.  A district court enjoys "broad" discretion as to what constitutes an "extraordinary and compelling" reason for compassionate release.  *United States v. Brooker*, 976 F.3d 228, 237–38

4

(2d Cir. 2020).  With one exception, a court may "consider *any* extraordinary and compelling reason for release that a defendant might raise," *id.* at 230 (emphasis in original), and the "full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release," *id.* at 237.  "[A]n 'extraordinary' reason is most unusual, far from common, . . . having little or no precedent, beyond or out of the common order, remarkable, and synonymous with singular, . . . [and a] "compelling" reason is both powerful and convincing."  *United States v. Fernandez*, 2024 WL 2926825, at *5 (2d Cir. June 11, 2024) (internal citations and quotations omitted).  "The burden of showing that the circumstances warrant a sentence reduction is on the defendant."  *Id.* at *4.

Before reducing a defendant's sentence, a district court must also consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  *Id.*; 18 U.S.C. § 3582(c)(1)(A).  "In evaluating compassionate-release motions, 'courts regularly consider whether compassionate release would be consistent with § 3553(a) by considering how early release would impact the aims of the original sentence.'"  *United States v. Harper*, 2022 WL 599037, at *1 (2d Cir. Mar. 1, 2022) (summary order) (first quoting *United States v. Roney*, 833 F. App'x 850, 854 (2d Cir. 2020), and then citing *United States v. Kanter*, 853 F. App'x 723, 726–27 (2d Cir. 2021)).  A conclusion that a reduction of the defendant's sentence would not be consistent with Section 3553(a) provides an "independent basis" to deny compassionate release. *United States v. Fleming*, 5 F.4th 189, 194 (2d Cir. 2021); *see also Harper*, 2022 WL 599037, at *1; *United States v. DeJesus*, 2022 WL 1284563, at *1 (S.D.N.Y. Apr. 29, 2022).

Mr. Carrasquillo has not identified any "extraordinary and compelling reasons" for compassionate release.  He sets out his efforts at rehabilitation.  But, while those efforts are commendable, Congress and the courts both have been clear that "'rehabilitation … alone shall

5

not be considered an extraordinary and compelling reason'" for sentence reduction.  *Brooker*, 976 F.3d at 238 (quoting 28 U.S.C. § 994(t)).  Mr. Carrasquillo also states that his actions have left his family and community "as the victims of [his] actions."  Dkt. No. 132 at ECF p. 2; Dkt. No. 137 at ECF p. 2.  But "[a]lthough courts have recognized that defendants may seek compassionate release based on extenuating '[f]amily circumstances,' . . . a defendant seeking release to care for a family member must nevertheless show extraordinary circumstances." *Sanchez v. United States*, 2023 WL 144220, at *3 (S.D.N.Y. Jan. 10, 2023) (citing *United States v. Yoda*, 2020 WL 5502325, at *2 (S.D.N.Y. Sept. 11, 2020) (Nathan, J.) (collecting cases)).

Mr. Carrasquillo's motion for a sentence reduction is DENIED without prejudice.  The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 132 and 137.

SO ORDERED.

Dated: July 19, 2024
New York, New York

LEWIS J. LIMAN
United States District Judge

6